IN THE UNITED STATS DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **LARRY WEST, TROOPER,** § <br> *Plaintiff,* § <br> § <br> **v.** § <br> § <br> **DEP'T. OF PUBLIC SAFETY,** § <br> *Defendant.* § <br> § | Cause No._____ <br><br> **JURY TRIAL DEMANDED** |

PLAINTIFF'S ORIGINAL COMPLAINT

A.  Parties

1. Larry West, Trooper ("Plaintiff") and employed by the State of Texas, Department of Public Safety ("DPS" or "Agency"), is a resident of Orange County.

2. DPS is a State Agency with its headquarters in Austin, Texas, and may be served by serving Director Steve McCraw, P.O. Box 4087, Austin, Texas 78773, or at its Headquarters, 5805 North Lamar Blvd Austin, TX 78752-4431.,

B.  Jurisdiction

3. This court has jurisdiction per Title 28, §1331, and §1343.

C.  Venue

4. Venue is proper either in the Western District of Texas Austin Division, or in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this district.

1

### D.  Exhaustion of Administrative Procedures

5.  Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC).  Plaintiff files this complaint within the 90 days after effective date of receipt the right to sue from the EEOC (FRCP 6).  A copy of the notice of the right to sue is attached as Exhibit A.

### E.  Count 1 – Retaliation Under Title VII

**Plaintiff's Protected Activities and the Agency's Past Acts**

6.  Plaintiff is a 13 year employee of the agency within the meaning of Title VII and belongs to a class protected under the statute, namely an employee who has opposed discriminatory employment practices, who has historically filed Charge(s) of Discrimination and has a currently pending lawsuit against the DPS in Travis County, Texas, which legal action arose out of plaintiff  being singled out for discriminatory treatment because of his religion in violation of Title VII. The intentional discrimination against plaintiff including adverse actions such as attempted termination, low performance evaluations, being placed by a supervisor Lt. C.M. ("Chuck") Havard (then Sgt.)  in cooperation with the Jefferson County District Attorney, on Jefferson County Texas' Brady List of uncredible law enforcement officers, denial of promotions, and other hostile workplace acts.

7.  Defendant is an employer within the meaning of Title VII.

8. Defendant's Major Michelle McDaniel who has with Lt. C.M. Havard (then Sgt.) previously and directly told Plaintiff that he should be a Youth Minister but not a DPS Trooper, and when Plaintiff asked the two supervisors if their evaluations and employment actions taken against him were affected by their opinion that he did not fit into the agency and his evaluations, Havard and McDaniel dodged the question and said plaintiff had asked "a hard question."

9. McDaniels criticized plaintiff's wearing a "WhatWouldJesusDo" bracelet even though she did not criticize other agency employees who wore sectarian or personal bracelets, intentionally discriminating against plaintiff because of his religion in violation of Title VII.

**Agency's Retaliatory Acts:**

10. Plaintiff applied to be an Arrest and Tactics Instructor, but his chain of command did not recommend him because of that chain's supervisors targeting plaintiff with disciplinary actions, saying that plaintiff had a "disciplinary rich history", made up of plaintiff's discriminatory discipline practices against plaintiff.

11. In August 2021, plaintiff applied to be the Public Information Sgt. for the area in which he works.

12. An agency officer who lived in the area was preferred, and since plaintiff lived in the area, had a baccalaureate degree in communication, and had been additionally trained and employed by the Disney corporation, he was highly qualified for the position. One of the persons on the interview panel for the position which included and was chaired by Major Michelle McDaniel, commented to plaintiff that his presentation had been amazing and was good enough to be sent to Austin and used by the agency as an example.

13. Plaintiff was not offered the position, Chairwoman Major McDaniel's committee having recommended and selected, a non-area resident female, who had no academic or professional training or experience in communication; plaintiff was effectively told that he was not selected because of his past three annual evaluations which included Havard's negative evaluation before plaintiff was able to obtain a transfer out from under Havard's assessment authority.

14. Plaintiff noted that when he had finally been able to obtain a transfer from Lt. Havard's direct supervision, although remaining under the supervision of Major McDaniel, his evaluations had become less negative and more positive.

15. Plaintiff was targeted by Havard and McDaniel and both used their influence to effect the denial od promotion to plaintiff in violation of Title VII.

## F.  Title 42 §1983

16. Plaintiff has been subjected to continuing retaliation by the agency at the prompting of Major Michelle McDaniel, and in violation of the First Amendment.

17.  Plaintiff has been subjected to deprivation of protected interests without the protections of due process and equal protection as guaranteed by the Fourteenth Amendment.

## G.  Damages

18.  As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages.

   a.  Plaintiff was denied a promotion to Arrest and Control Tactics Instructor, and Public Information Sergeant, resulting in lost pay and benefits.

   b.  The agency and especially Havard and McDaniel are aware of the fact that plaintiff's former wife (they became divorced at her instance) has been actively trying to negatively affect plaintiff's custodial relationship with the couple's two daughters and employment; Havard has even indicated awareness of plaintiff's former wife's personal and unhealthy motives in writing.

    Plaintiff's former wife has even after the divorce continued to attempt to have Plaintiff discharged from employment, and that by having his employment and career threatened as well as having his wife tactically attempt to injure his relationship with his children.

c. Plaintiff suffered mental anguish and emotional distress in the form of personal symptoms and indicia.

## H.  Attorney Fees

19. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

## H.  Prayer

20. For these reasons, plaintiff asks for judgment against defendant for the following:

a. Economic (past and future, as appropriate), and for physical and or mental injuries.

b. Reasonable attorney fees.

c. Costs of suit.

d. Declaratory relief declaring that the Agency has violated the United States Constitution, and Title VII, and a permanent injunction

      proscribing defendant's prospective violations of plaintiff's constitutional and statutory rights.

e.   All other relief the court deems appropriate.

>Respectfully submitted,
>Watts & Company, Lawyers, Ltd.
>
>/S/Larry Watts
>Texas Bar Number 20981000
>P.O. Box 2214,
>Missouri City, Texas 77459
>Ph. (281) 431-1500
>Fax.(877)797-4055
>wattstrial@gmail.com