IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| LARRY WEST, TROOPER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 1:22-CV-415-MJT |
| TEXAS DEPARTMENT OF PUBLIC SAFETY, STEVEN MCCRAW, STEVEN MACH, TERRY TRUETT, MICHELLE MCDANIEL, CHARLES HAVARD, | § | JUDGE MICHAEL J. TRUNCALE |
| | § | |
| *Defendants*. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On June 7, 2024, the Court referred Defendant Texas Department of Public Safety's ("DPS") Motion for Dismissal of Plaintiff's First Amended Complaint [Dkt. 24] to United States Magistrate Judge Zack Hawthorn for consideration and disposition. [Dkt. 67]. On August 2, 2024, Judge Hawthorn issued his Report and Recommendation recommending granting DPS's pending Motion to Dismiss. [Dkt. 71]. On August 16, 2024, Plaintiff Larry West ("West") filed his Objections to Judge Hawthorn's Report and Recommendation. [Dkt. 72].

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); FED. R. CIV. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

First, West objects to Judge Hawthorn's report because he failed to consider his claims for prospective injunctive relief against individual Defendants McCraw and Mach in their official capacities. The Court referred the Motion to Dismiss filed on behalf of the DPS only, not the individual Defendants. [*See* Dkt. 24, at 1 n.1; Dkt. 67]. Therefore, Judge Hawthorn properly did not consider any claims against these individual Defendants.

Second, West objects to Judge Hawthorn failing to address his "argument" that DPS's Eleventh Amendment immunity was abrogated by the Fourteenth Amendment for his due process and First Amendment claims. Judge Hawthorn cited West's "argument" in his response to DPS's Motion to Dismiss but presumably failed to give it any analysis because it comprised one sentence. [*See* Dkt. 41, ¶13; Dkt. 71, at 8]. Notwithstanding his objections, it is without merit. The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983. *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).

Third, West objects to the recommendation of the dismissal of his Title VII retaliation claims because Judge Hawthorn held that he failed to adequately allege a causal connection between a protected activity and the adverse employment action. West argues Judge Hawthorn relied too much on temporal proximity, applied an overly stringent causation standard, and failed to draw reasonable inferences in his favor. As a preliminary matter, West never substantively responded in either his Response or Sur-Reply to DPS's Motion to Dismiss that he had in fact adequately pled a causal connection. [*See* Dkts. 41, 55]. To the extent West now argues for the first time in his objections that he did in fact allege proper causation, it is waived. *See Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 559 (5th Cir. 2018) ("First, Plaintiffs forfeited their judicial estoppel argument by raising it for the first time in their objection to the magistrate judge's Report and Recommendation."). Inasmuch as West now argues the recent Fifth Circuit holding in

*Hamilton v. Dallas Cnty.*, 79 F.4th 494 (5th Cir. 2023) changed the standard for showing an adverse employment action in the retaliation context, this is also unavailing. The Fifth Circuit recently reaffirmed the proper standard for showing an adverse action for the purposes of Title VII retaliation is one that a reasonable employee would have found "materially adverse," meaning "it might have dissuaded a reasonable worker from making or supporting [protected activity]." *Johnson v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, 90 F.4th 449, 460 (5th Cir. 2024) (quoting *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 67 (2006)). In his objections, West fails to identify any such adverse action or change in his terms, conditions, or privileges of his employment due to his participation in protected activities.

Fourth, West complains that Judge Hawthorn failed to address his allegations of religious discrimination under Title VII. West argues his complaint "clearly alleges" he faced discrimination based upon his religious beliefs because he was told by a superior to stop wearing a bracelet stating "What Would Jesus Do?," was discouraged from engaging in ministerial activities, and was told he would "be a better Christian Youth Minister than cop." [Dkt. 72, at 5].

In his *Amended Complaint*, West did not allege a religious discrimination claim under Title VII. West concludes his Amended Complaint with two "Counts": "Count One" pertains to a Title VII claim and "Count Two" concerns a section 1983 claim. Although not entirely clear, West arguably alleges a Title VII retaliation claim in Count One, but never mentions religious discrimination at all.[1] [Dkt. 19, ¶¶ 61-67]. Yet, for the first time in his response to DPS's Motion to Dismiss, West contended that he "sues DPS for religious discrimination." [Dkt. 41, at 3]. However, "[i]t is wholly inappropriate to use a response to a motion to dismiss to essentially raise

---

[1] In seeking to amend his original complaint to the current operative complaint, West also never mentions his desire to add a religious discrimination claim. [Dkt. 14].

3

a new claim for the first time." [2] *Diamond Beach Owners Assoc. v. Stuart Dean Co., Inc.*, Civ. Action No. 3:18-CV-0173, 2018 WL 7291722, at *4 (S.D. Tex. Dec. 21, 2018).  Therefore, the Court finds no error in Judge Hawthorn's Report and Recommendation for failing to consider any religious discrimination claim under Title VII.

Finally, West objects to Judge Hawthorn's Report and Recommendation because it did not adequately address his procedural and due process claims.  As stated previously, the Motion to Dismiss was only on behalf of DPS, which is entitled to Eleventh Amendment immunity from claims pursuant to § 1983.  Therefore, Judge Hawthorn did not need to address these claims.

It is therefore ORDERED that West's Objections to the Magistrate Judge's Report and Recommendation [Dkt. 72] are OVERRULED and Judge Hawthorn's Report and Recommendation Granting DPS's Motion to Dismiss [Dkt. 71] is ADOPTED.  Accordingly, West's claims against DPS are DISMISSED WITH PREJUDICE.  To the extent West requests leave to amend his complaint, it is DENIED. [3]

**SIGNED this 23rd day of September, 2024.**

_____
Michael J. Truncale
United States District Judge

---

[2] When DPS argued similarly—that no religious discrimination claim under Title VII was ever pled—West wholly failed to point out in his response where his religious discrimination appeared in his First Amended Complaint. [*See* Dkts. 42, 55].

[3] "A district court should examine five considerations to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *SGK Properties, L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 944 (5th Cir. 2018) (internal quotations and alterations omitted).  Leave to amend at this stage is unwarranted.  This matter has been pending for almost two years, West has already amended his complaint once, and DPS has already expended significant resources in filing two separate motions to dismiss.