IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| LARRY WEST, TROOPER, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO.  1:22-CV-00415-MJT |
| § | JUDGE MICHAEL TRUNCALE |
| STEVEN MCCRAW, STEVEN MACH, § | |
| TERRY TRUETT, MICHELLE § | |
| MCDANIEL, *and* CHARLES HAVARD, § | |
| § | |
| *Defendants*. § | |

ORDER ADOPTING REPORT AND RECOMMENDATION

On September 24, 2024, the Court referred Defendants Steven McCraw, Steven Mach, Terry Truett, Michelle McDaniel, and Chuck Havard's *Motion to Dismiss Plaintiff's Amended Original Complaint* [Dkt. 56] to United States Magistrate Judge Zack Hawthorn for consideration and disposition.  On February 25, 2025, Judge Hawthorn issued his *Report and Recommendation*, which recommends granting the individual defendants' motion to dismiss.  [Dkt. 78].  On March 2, 2025, Plaintiff Larry West filed objections to Judge Hawthorn's *Report and Recommendation*. [Dkt. 79].

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects.  28 U.S.C. § 636(b)(l)(c); Fed. R. Civ. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by*

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).  Objections that simply rehash or mirror the underlying claims addressed in the report are not sufficient to entitle the party to *de novo* review. *See Mark v. Spears*, No. 6:18-CV-309, 2022 WL 363586, at *1 (E.D. Tex. Feb. 7, 2022); *see also Nickelson v. Warden*, No. 1:11-CV-334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012) ("[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition."); *United States v. Morales-Castro*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, the district court should be spared the chore of traversing ground already plowed by the Magistrate." (quotation omitted)).

First, as a threshold matter, West characterizes one of his remaining claims as a religious discrimination claim.  [Dkt. 79 at 4–5].  West brought his religious discrimination claim under Title VII.  [Dkt. 19 at 47–48].  West maintained his religious discrimination claim under Title VII in both his response and sur-reply.  [Dkt. 63 at 14; Dkt. 66 at 5].  West now admits that he is unable to bring any Title VII claims against the remaining defendants, but his objections still characterize one of his remaining claims as a religious discrimination claim.  [Dkt. 79 at 4–5, 8].  To the extent that West is trying to revive his religious discrimination claim, it is too late to do so.  *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001) ("[I]ssues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge.").  Thus, the Court ignores West's characterization of his remaining § 1983 claim as a religious discrimination claim.

Second, West objects to Judge Hawthorn's conclusion that the Court lacks jurisdiction over his claims for prospective relief.  [Dkt. 79 at 6–7].  In their motion to dismiss, the individual defendants argued that West failed to allege an ongoing violation, which is necessary to have

2

standing for prospective relief. [Dkt. 56 at 6]. West did not respond to this argument. Now, West argues that the request in his amended complaint for a permanent injunction "proscribing defendant[s'] prospective violations" of his rights means he successfully alleged an ongoing violation. [Dkt. 19 at 51; Dkt. 79 at 6–7]. However, a request for relief from prospective violations is not the same as alleging sufficient facts to show the likelihood of future violations, which is required for an injunction, or that a violation is threatened or ongoing, which is required for declaratory relief. [Dkt. 78 at 7.] Also, the language from West's amended complaint is conclusory and it is not appropriate to consider at the pleading stage. *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023) ("Conclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true [during the pleading stage]."). So, to the extent that West's argument is new, he is not entitled to the Court's review.

Third, West objects to the dismissal of his claims because they were time-barred by the statute of limitations. [Dkt. 79 at 5–6]. Judge Hawthorn's report recommends barring all claims that arose more than two years before the original complaint because West's amended complaint related back to his original complaint. [Dkt. 78 at 8–9]. In his objection, West mischaracterizes Judge Hawthorn's report, which he says concluded that his amended complaint did *not* relate back. [Dkt. 79 at 5]. Mischaracterization aside, West also argues that Judge Hawthorn failed to consider the continuing violations doctrine. *Id.* (citing *Huckabay v. Moore*, 142 F.3d 233 (5th Cir. 1998)). Although the individual defendants argued that West's claims were limited by the statute of limitations in their motion, West never mentioned the continuing violations doctrine in his response or sur-reply. [*See* Dkts. 63, 66]. Because West now argues—for the first time—that the continuing violations doctrine should apply, his argument is waived. *See Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 559 (5th Cir. 2018) ("Plaintiffs forfeited their . . . argument by

3

raising it for the first time in their objection to the magistrate judge's Report and Recommendation."). Nevertheless, West's amended complaint does not properly allege a continuing violation. [*See* Dkt. 19].

Fourth, West claims that Judge Hawthorn recommended dismissing his constitutional claims because West was unable to bring Title VII claims against individual defendants. [Dkt. 79 at 8]. Again, West mischaracterizes Judge Hawthorn's report, this time going as far as making up a quotation. *See id.* (misquoting Judge Hawthorn's characterization of West's constitutional claims as "merely an attempt to 'reframe his employment law claims'"). In reality, Judge Hawthorn rejected the individual defendants' argument that West's free speech claim was preempted by Title VII. [Dkt. 78 at 13, n.10]. Nowhere in his report did Judge Hawthorn recommend dismissing West's constitutional claims because he was unable to bring Title VII claims against the individual defendants.

Fifth, West objects to Judge Hawthorn's recommendation that West's free association and free exercise claims should be dismissed for failure to state a claim. [Dkt. 79 at 2–3]. West argues that, "contrary to [Judge Hawthorn's] finding," his "religious freedom rights" were "implicate[d]" when McDaniel told West to not wear his "What Would Jesus Do?" wristlet at work, when Williamson told West that he "did not like pastors,"[1] and when the individual defendants "attempted to restrict Plaintiff's ministry activities through Sgt. Williamson." [Dkt. 79 at 3]. In his report, Judge Hawthorn analyzed West's free association and free exercise claims with respect to each of these scenarios. [Dkt. 78 at 15–18.]. Still, West argues that Judge Hawthorn wrongfully applied a heightened pleading standard to his qualified immunity analysis determining whether

---

[1] In his objection, West refers to Williamson as "Defendant Williamson." This is the first time that West has referred to Williamson as a defendant. Obviously, Williamson is not a named party to this lawsuit, so—as Judge Hawthorn explains in his report—it is pointless to examine claims against him. [Dkt. 78 at 18].

West's rights were clearly established at the time of the violation. [Dkt. 79 at 4–5]. This is not the case. But to the extent that it is, West is attempting to rehash earlier arguments, so his objection is not entitled to review. Regardless, Judge Hawthorn's original analysis on this issue is correct.

  Sixth, West objects to Judge Hawthorn's recommendation that West's free speech claims should be dismissed because West did not state sufficient facts to allege a causal connection between his protected activity and an adverse employment action. [Dkt. 79 at 3–4 (citing *Garcia v. Prof'l Contract Services, Inc.*, 938 F.3d 236, 243 (5th Cir. 2019))]. West cites *Garcia* for the proposition that the court should focus on "the totality of circumstances" rather than "mere timing" for causation. *Id.* But the Fifth Circuit in *Garcia* does not actually say this. *See Garcia*, 938 F.3d at 243. Instead, *Garcia* reaffirms Judge Hawthorn's understanding of the closeness in timing that would allow a plaintiff to state a claim. *Compare id.* (permitting causation with up to four months between a protected activity and adverse action) *with* [Dkt. 78 at 12 (noting that "more than four months is too much time between the protected speech and adverse action to allege causation")]. To the extent that West rehashes old arguments about his free speech claims, he is not entitled to review, and even if the objections were considered, they are without merit. To the extent that West is creating a new argument through *Garcia*, the Court is not convinced.

  West also claims that Judge Hawthorn incorrectly applied a heightened pleading standard when analyzing qualified immunity to determine whether West's free speech right was clearly established at the time of the violation. [Dkt. 79 at 4.] However, Judge Hawthorn does not analyze this prong of qualified immunity with respect to West's free speech claim. [*See* Dkt. 78 at 11–15]. Indeed, Judge Hawthorn did not need to rely on this prong of qualified immunity to recommend dismissal of West's claims because West failed to initially allege a free speech claim. As a result, this objection is overruled.

Finally, West objects to the report's recommendation that his due process claims should be dismissed. [Dkt. 79 at 7]. In his response, West argued that his individual defendants violated his right to be free from punishment in the absence of personal guilt. [Dkt. 63 at 12 (citing *St. Ann v. Palisi*, 495 F.2d 423 (5th Cir. 1974))]. Judge Hawthorn addressed this argument in his report, explaining that the Fifth Circuit had limited this right and required plaintiffs to also allege a property interest, which West did not do. [Dkt. 78 at 18–20]. In his objection, West ignores Judge Hawthorn's analysis and rehashes the same argument from his response. [Dkt. 79 at 7]. Therefore, West is not entitled to review of his objection. Even if he were so entitled, the objection is without merit.

West also argues that Judge Hawthorn failed to consider his "right to fair procedures in the promotion process" and, in a similar vein, his apparent right to be free from the "arbitrary nature of promotion decisions, including one described as determined by a 'coin toss.'" *Id.* In his report, Judge Hawthorn recommended dismissing West's procedural due process claim because West failed to allege sufficient facts to show he had a property interest in his promotion and West was unable to show he had a liberty interest through *St. Ann*. [Dkt. 78 at 20]. Now, West seems to argue that the liberty or property interest that he was deprived of was not his denied promotions or rights under *St. Ann* but rather a fair selection process for those promotions. West does not cite any law to support this kind of hair splitting. At any rate, West is trying to rehash his arguments, so once again he is not entitled to review for his objection, and even if the Court did review this objection, it lacks merit.

It is therefore ORDERED that West's objections to the magistrate judge's report [Dkt. 79] are OVERRULED, and Judge Hawthorn's *Report and Recommendation* granting the individual

defendants' motion to dismiss [Dkt. 78] is ADOPTED. Accordingly, West's claims against the individual defendants are DISMISSED WITH PREJUDICE.

**SIGNED this 21st day of March, 2025.**

_____
Michael J. Truncale
United States District Judge